J-S19013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RASHAWN FORD | |
| Appellant | No. 1519 EDA 2014 |

Appeal from the PCRA Order entered May 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0002891-2011

BEFORE:  STABILE, JENKINS, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 15, 2015**

Appellant, Rashawn Ford, appeals *pro se* from the May 5, 2014 order issued in the Court of Common Pleas of Philadelphia County, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

The PCRA court provided the following procedural and factual background:

> This case centers on a shooting that occurred around 3:40 a.m. on February 19, 2011, on the 1200 block of North 7th Street in the city and county of Philadelphia, Pennsylvania.  Appellant was the shooter; Rufus Bailey was the shooting victim.  On January 24, 2012, Appellant entered into a negotiated guilty plea to charges of Aggravated Assault (18 Pa.C.S. § 2702), Criminal Conspiracy (18 Pa.C.S. § 903), and Firearms not to be Carried without a License (18 Pa.C.S. § 6106).  In exchange for Appellant's guilty pleas, the Commonwealth agreed to *nolle pros* the charges of Attempted Murder, violation of Section 6108 of the Firearms Act, Possession of an Instrument of Crime, Simple

Assault, and Recklessly Endangering Another Person. The Commonwealth also agreed to "demandatorize" the case – which otherwise required a mandatory minimum of five (5) to ten (10) years' incarceration – and to recommend a sentence of four (4) to twelve (12) years' incarceration. (N.T. 1/24/12, pp. 4-5). At the plea hearing, the assistant district attorney read the following facts into the record:

[A]t approximately 2:30 a.m., there was a disturbance inside Club Samba. . . . [Appellant] was removed from the club by a security guard named Justin Love and he was overheard stating that he would be back with a gun. At approximately 3:40 [a.m.] when the club was emptying out, that same security guard, Mr. Love, saw [Appellant] pacing back and forth at the intersection of 7th and Girard. Mr. Love kept an eye on him, saw him walk north on 7th, approach the victim, Mr. Bailey, and fire a shot from a revolver. . . .

After [Appellant] fired the shots from the revolver, he got into a gold colored Grand Marquis and fled. Officers Cappa and Bender who were right in the area of 7th and Girard got a flash information from the security guard, Mr. Love, about [Appellant] and the Grand Marquis. Just a few minutes later, Officers Cross and Wingrove stopped the Grand Marquis at Girard [and] Frankford. [Appellant] was the driver. There was a female passenger in the front and . . . [co-]defendant Fletcher . . . leaning back and forth toward his feet and making a kicking motion.

All the passengers were taken out of the car. When Fletcher was taken out of the car, he dropped what was a scope, an attachment for a firearm, underneath the car and that was recovered. [F]rom the area [of] Mr. Fletcher's feet . . . [officers] recovered a silver revolver . . . that did have an attachment . . . the scope that he kicked under the car could be attached to. Mr. Love again being the security guard, was taken to the scene and identified [Appellant] as the shooter and the vehicle.

At the same time the victim, Mr. Bailey, was taken to Temple Hospital in stable condition. He had a superficial laceration to his right flange, no serious internal injuries. . . . There was a projectile recovered by the hospital staff

that was ballistically [sic] compared to the revolver from the vehicle and did match that revolver. Mr. Bailey, upon being interviewed, refused to give any information about who shot him and denied knowing the defendants. And that would be our evidence at trial.

(N.T., 1/24/12, pp. 13-16).

When the district attorney finished reciting the facts, this [c]ourt asked Appellant whether the facts were "correct in regards to [Appellant's] shooting at Mr. Bailey." Appellant replied, "Yes." (*Id.,* p. 16).

Pursuant to the negotiated plea agreement, this [c]ourt sentenced Appellant to concurrent terms of four (4) to twelve (12) years' incarceration on the charge of Aggravated Assault, and one (1) to two (2) years' incarceration on the charge of Firearms not to be Carried without a License. This [c]ourt imposed no penalty on the charge of Criminal Conspiracy. (N.T., 1/24/12, pp. 20-21).

Appellant filed no direct appeal, but on April 12, 2012, Appellant filed a *pro se* petition under the [PCRA]. In the standardized PCRA form provided to Appellant by the Pennsylvania Department of Corrections, Appellant claimed that his counsel rendered ineffective assistance by failing to call "defense witness(s)." Appellant also claimed "there was no 'victim' at any legal proceedings" and "no discovery provided to defendant." In the section of the form instructing Appellant to list witnesses who will testify in support of his petition, and to briefly summarize their testimony, Appellant wrote, "to be called at hearing." On June 13, 2012, Appellant filed a "Supplemental/Amended" petition alleging, again, that his trial counsel was ineffective. Once again, Appellant failed to name any witnesses whom his prior counsel failed to call, or shed any light on what these witnesses' testimony would have been.

PCRA Court Rule 1925(a) Opinion, 9/18/14, at 1-3 (footnotes omitted; ellipses in original).

In February 2013, counsel was appointed to represent Appellant in his PCRA proceedings. In January 2014, Appellant filed a petition to remove

counsel and requested a **Grazier** hearing to obtain permission to proceed *pro se*.[1] In February 2014, PCRA counsel filed a petition to withdraw and a "**Finley** letter."[2] Counsel explained that after communicating with Appellant, reviewing his PCRA petition, and reviewing the transcript of the plea hearing, she concluded Appellant "is not eligible for post-conviction relief because his plea of guilty was knowing and voluntary and he is serving a legal sentence that does not exceed the maximum statutory penalty for the crimes charged." *Id.* at 4 (quoting **Finley** Letter, 2/25/14).

On March 19, 2014, the PCRA court issued a Notice of Dismissal of Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant filed a response, arguing his petition should not be dismissed because he did not enter a knowing, intelligent and willing guilty plea, his plea counsel did not call witnesses, and the victim was not present to testify at the plea hearing.

The PCRA court conducted a hearing on May 5, 2014 to address Appellant's petition, counsel's **Finley** letter and petition to withdraw, Appellant's request to proceed *pro se*, and Appellant's response to the Rule 907 notice. PCRA counsel testified that Appellant never disclosed to her the identity of any witnesses plea counsel purportedly failed to call to testify. N.T. Rule 907 Hearing, 5/5/14, at 3-6. Following an on-record colloquy with

---

[1] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[2] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998).

PCRA counsel, the PCRA court dismissed Appellant's petition based on the *Finley* letter and the court's independent review of the record. PCRA Court Rule 1925(a) Opinion, 9/18/14, at 4. The PCRA court also granted counsel's petition to withdraw and advised Appellant of his right to appeal the order dismissing his petition, either *pro se* or with independently-retained counsel. *Id.*

On May 16, 2014, Appellant filed a timely *pro se* notice of appeal. On July 10, 2014, he filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), raising ten alleged errors that the PCRA court aptly characterized as "a hodgepodge of boilerplate and overlapping claims of error, essentially asserting that his guilty pleas were 'not entered Knowingly, willingly, [and] Intelligently;' that he did not receive adequate assistance of counsel during the plea process; and that Appellant is '[i]nnocent of the [s]aid [o]ffen[s]e.'" PCRA Court Rule 1925(a) Opinion, 9/18/14, at 5. In his brief on appeal, Appellant presents nine issues, which are similar to those raised in his 1925(b) statement and which we state here verbatim but have rearranged for ease of disposition:

1. Was not the Denial of the Post Conviction Relief Act Petition an abuse of discretion by the Trial Court?

2. Was Counsel at Plea and sentencing Ineffective for not Defending [Appellant] and seeking that Appellant enter in a plead of Guilty.

3. Does Appellant Meet the Standard under the POST CONVICTION COLLATERAL RELIEF ACT, in which the (PCRA) should not of been denied?

4. Was appellant Coerced into Pleading Guilty in this instant case?

5. Does the Record show that Appellant did not Commit the shooting?

6. Should the Charge of Aggravated assault be VACATED?

7. Did Appellant enter a Plead of Guilty to Offence(s) That he is not guilty of?

8. Should Appellant be GRANTED a Reduction of time imposed in this Case?

9. Was Prosecutorial Misconduct Conducted by the District Attorney in this Case?

Appellant's Brief at 4.[3]

As this Court has recognized:

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by

---

[3] Despite identifying nine issues in his Statement of Questions Presented, Appellant has not divided the Argument section of his brief into sections corresponding to those issues, in violation of Pa.R.A.P. 2119. Instead, he presents one narrative spanning three pages in which he contends he is innocent, he did not enter a knowing guilty plea, and he should be entitled to discovery because he should not have entered a guilty plea. Appellant's Brief at 8-10. We recognize Appellant is proceeding *pro se*. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Freeland***, 106 A.3d 768, 776-77 (Pa. Super. 2014) (citations omitted). While this Court may quash or dismiss an appeal for failure to conform with our appellate rules of procedure, ***see*** Pa.R.A.P. 2101, in the interests of justice we shall address Appellant's arguments that can reasonably be discerned from his brief and reply brief despite the deficiencies.

the evidence of record and free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations.

*Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013) (quoting

*Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)

(additional citations omitted)).[4]  As explained in *Timchak*:

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.*[,] there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.
>
> . . . [A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.

*Id.* (citations omitted).  Further, "the law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made."  *Id.* at 770 (quoting *Anderson*, 995 A.2d at 1192) (citations and brackets omitted).

_____

[4] Appellant mistakenly proposes a standard of review for this appeal based on sufficiency of evidence and suggests the scope of review is the entire trial record and all evidence actually received.  Appellant's Brief at 3.  As reflected in the quoted excerpt from *Timchak*, this Court has announced otherwise for appeals from denial of a PCRA petition.

In his first seven issues, Appellant attacks the PCRA court's denial of his PCRA petition and challenges its conclusion that Appellant's guilty plea was knowingly, voluntarily and willingly entered. As explained above, we review the PCRA court's decision to determine whether it is supported by the evidence of record and is free of legal error. **Timchak**, 69 A.3d at 769.

In his PCRA petition, Appellant complained that his plea counsel was ineffective for failing to call witnesses. The PCRA court rejected that assertion, noting Appellant "failed to identify any purported witness in his original PCRA petition, . . . in his supplemental/amended petition, . . . in his response to [the PCRA court's] Rule 907 Notice, . . . to his PCRA counsel, and . . . in his 1925(b) Statement." PCRA Court Rule 1925(a) Opinion, 9/18/14, at 8. Because Appellant failed to establish that any witness or witnesses even existed, he failed to establish the first prong on the five-prong test applied when reviewing a claim of failure to call a witness. **Id.**[5]

Appellant also argues that his guilty plea was not entered into knowingly, voluntarily and intelligently. A review of Appellant's written

_____

[5] "When raising a failure to call a potential witness claim, the PCRA petition satisfies the performance and prejudice requirements [of **Strickland v. Washington**, 466 U.S. 668 (1984),] . . . by establishing that: (1) **the witness existed**; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have know of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trials." PCRA Court Rule 1925(a) Opinion, 9/18/14, at 8 (quoting **Commonwealth v. Johnson**, 966 A.2d 523, 536 (Pa. 2009) (emphasis added)).

guilty plea colloquy and the transcript of the guilty plea hearing belies his assertions. Appellant admitted he committed the crimes to which he was pleading guilty and acknowledged he understood the maximum sentence and fines he was facing, as well as the plea offer and the consequences of accepting the plea. Guilty Plea Colloquy, 1/24/12, at 1-4; N.T. Guilty Plea Hearing, 1/24/12, at 5, 9-12, 16.

An appellant is bound by the statements "made in open court while under oath, and he may not now assert[] grounds for withdrawing the plea which contradict the statements." ***Commonwealth v. Willis***, 68 A.3d 997, 1009 (Pa. Super. 2013) (citation omitted). "The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." ***Commonwealth v. Turetsky***, 925 A.2d 876, 881 (Pa. Super. 2007) (quotations and citations omitted).

The PCRA court concluded Appellant both failed to support his PCRA petition by identifying any purported witnesses and entered into his plea knowingly, intelligently and voluntarily. The record supports those findings. Not only did Appellant fail to identify any witnesses or prove their existence, he also failed to offer any purpose for calling witnesses at the guilty plea hearing during which he knowingly, intelligently and voluntarily admitted to committing the acts with which he was charged. Appellant's first seven issues fail for lack of merit.

In his eighth issue, Appellant suggests he should be granted a reduction of time imposed. Appellant does not address this issue in the argument section of his brief. Therefore, the issue is waived. *Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014) (quoting *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of [an appellate court . . . ] to formulate [a]ppellant's arguments for him.")). Even if not waived, Appellant's sentencing claim has no support in the record. Appellant was facing up to 47 years in prison and $65,000 in fines based on the charges brought against him. By accepting responsibility for his actions, a fact noted by the trial court at the plea hearing, N.T. Guilty Plea Hearing, 1/24/12, at 20, Appellant instead was given a "demandatorized" sentence of four to twelve years in prison on the aggravated assault conviction and a concurrent sentence of one to two years on the firearms conviction. No additional sentence was imposed for the criminal conspiracy conviction. Appellant's sentencing issue is completely devoid of merit.

In his ninth issue, Appellant alleges prosecutorial misconduct. Once again, Appellant identifies an issue but fails to address it in the argument section of his brief. Therefore, Appellant's ninth issue is waived. *Wirth*, 95 A.3d at 837.

We conclude that the PCRA court's dismissal of Appellant's PCRA petition is supported by the record and free of legal error. Therefore, we affirm the May 5, 2014 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2015